IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

T.W.,

                    Plaintiff,

          v.                             Civil No. 20-3489 (RMB)

COMMISSIONER OF SOCIAL                   **MEMORANDUM OPINION & ORDER**
SECURITY,

                    Defendant.

**APPEARANCES**

SHERRIL MARIE RECKORD
LEGAL SERVICES OF NEW JERSEY
100 METROPLEX DRIVE, SUITE 402
P.O. BOX 1357
EDISON, NEW JERSEY 08818

          *On behalf of Plaintiff*

NAOMI B. MENDELSOHN
SOCIAL SECURITY ADMINISTRATION
300 SPRING GARDEN STREET, SIXTH FLOOR
PHILADELPHIA, PENNSYLVANIA 19123

          *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

     This matter comes before the Court upon an appeal filed by

Plaintiff T.W., seeking judicial review of the final determination

of the Commissioner of the Social Security Administration (the

"Commissioner" and the "SSA," respectively), which denied

Plaintiff's applications for Social Security benefits. For the

reasons set forth herein, the Court will vacate the decision of the Administrative Law Judge ("ALJ") and remand for proceedings consistent with this Opinion.

## I.   PROCEDURAL HISTORY

On July 6, 2016, Plaintiff protectively filed an application for Social Security Disability benefits under Titles II and XVI of the Social Security Act (the "Act"), alleging an onset date of disability beginning May 15, 2010. [R. at 18.] The claims were first denied on August 27, 2016, and again denied upon reconsideration on November 4, 2016. [Id.] On January 4, 2017, Plaintiff filed a written request for a hearing before an ALJ. [Id.] That hearing took place on November 15, 2018. [Id.] Plaintiff was represented by an attorney, Sherril M. Reckord, at that hearing, at which the ALJ heard testimony from both Plaintiff and Heather Mueller, an impartial vocational expert. [See R. at 32-63.]

On December 20, 2018, the ALJ issued a decision denying Plaintiff's claim for benefits, based upon his finding that Plaintiff was not disabled and could perform work in certain occupations, such as laundry worker, labeler, and label coder. [R. at 25.] On February 5, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. [R. at 2-7.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Hess v. Comm'r of Soc. Sec., 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Albert Einstein Med. Ctr. v. Sebelius, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Hess, 931 F.3d at 208 n.10 (citing Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  The Act further states,

3

> [A]n individual shall be determined to be under a
> disability only if his physical or mental impairment or
> impairments are of such severity that he is not only
> unable to do his previous work but cannot, considering
> his age, education, and work experience, engage in any
> other kind of substantial gainful work which exists in
> the national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or whether
> he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. Hess, 931 F.3d at 201. Recently, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of the analysis:

> At step one, the ALJ determines whether the claimant is
> performing "substantial gainful activity." 20 C.F.R.
> §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is
> not disabled. Id. Otherwise, the ALJ moves on to step
> two.
>
> At step two, the ALJ considers whether the claimant has
> any "severe medically determinable physical or mental
> impairment" that meets certain regulatory requirements.
> Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe
> impairment" is one that "significantly limits [the
> claimant's] physical or mental ability to do basic work
> activities[.]" Id. §§ 404.1520(c), 416.920(c). If the
> claimant lacks such an impairment, he is not disabled.
> Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has
> such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's
> impairments meet or equal the requirements of an
> impairment listed in the regulations." [Smith v. Comm'r

4

of Soc. Sec.], 631 F.3d [632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience." Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess, 931 F.3d at 201-02 (some alterations omitted).

## III. FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff, who was born on August 20, 1970, was 39 years old on the alleged onset date of May 15, 2010. [See R. at 20, 24.] She was 48 years old at the time of her administrative hearing on November 15, 2018. [See R. at 32, 36.] Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2013, meaning that she must establish disability on or before that date to be entitled to

benefits. [See R. at 18.]

**A.    Plaintiff's Educational and Work History**

Plaintiff completed high school. [R. at 217.] The ALJ determined that Plaintiff's past relevant work was semi-skilled, as a library assistant. [R. at 24.] She has not engaged in substantial gainful activity since the alleged onset date of May 15, 2010. [R. at 20.]

**B.    Plaintiff's Medical History**

Plaintiff suffers from major depressive disorder, panic disorder with agoraphobia, alcohol dependence in remission, and obesity. [R. at 20.] She first received drug and alcohol recovery treatment in May 2010. In the time since, she sometimes self-medicated with alcohol for the symptoms she suffered as a result of her other conditions. [See R. at 38, 52-53.] She eventually lost her driver's license as a result of driving while intoxicated, though she had been sober for three years by the time of the hearing. [R. at 38-39.] She also took medications including Zoloft, Xanax, Vistaril, Abilify, and trazadone. [See R. at 47, 51-52.] She also receives one-on-one therapy monthly and sees a psychiatrist every other month. [R. at 46.] The ALJ noted a gap in her treatment history, however; after seeking treatment from her primary care provider up to February 2012, Plaintiff did not seek further treatment until June 2015. [R. at 23.] The ALJ noted that this is "well after the expiration of her insured status." [Id.]

However, in the time since the alleged onset date, Plaintiff's care team has adjusted her medicinal regimen on various occasions, to some success. [See R. at 23-24.]

**C.   The ALJ's Decision**

At step one, the ALJ found that Plaintiff had not engaged in gainful activity since the alleged onset date of May 15, 2010. [R. at 20.]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: major depressive disorder, panic disorder with agoraphobia, alcohol dependence in remission, and obesity. [Id.]

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. [R. at 20-22.]

At step four, the ALJ found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels. [The ALJ] identified non-exertional limitations that included occasional climbing of ramps and stairs, and no climbing of ladders, ropes, or scaffolds. She cannot work at unprotected heights or around moving mechanical parts. She cannot operate a motor vehicle as part of her job duties. [Plaintiff] is further limited to performing simple, routine, and repetitive tasks, but not as a production rate pace (e.g. assembly line work). She can make only simple work-related decisions. She can respond appropriately to supervisors, coworkers, occasionally and the public on an occasional basis.

[R. at 22.] The ALJ also found that Plaintiff was "unable to perform any past relevant work" due to her RFC. [R. at 24.]

7

At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy [that Plaintiff] can perform." [R. at 25.] Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 15, 2010, through the date of this decision." [Id.]

## IV.  DISCUSSION

Plaintiff raises two arguments in support of remanding this case. First, she argues that the ALJ's RFC determination was erroneous for two reasons. Second, she argues that the ALJ's step five determination was erroneous given certain testimony from the vocational expert ("VE"). The Court will address each argument in turn.

### A.    RFC determination

Plaintiff argues that the ALJ "failed to properly evaluate and determine [P]laintiff's [RFC] in violation of 20 C.F.R. §§ 404.1520(e) and 416.920(e) by failing to include all the documented impairments and limitations in his residual functional capacity findings." [Docket No. 13, at 12.] Plaintiff points to two alleged errors that the ALJ made. First, Plaintiff argues that the ALJ "did not account for time off task due to [P]laintiff's limitations in the area of concentration, persistence[,] and pace." [Id.] Second, Plaintiff argues that the ALJ "did not account for unscheduled workday absences due to limitation in

[P]laintiff's ability to maintain regular attendance and punctuality." [Id. at 14.]

Plaintiff's arguments about the RFC determination boil down to a disagreement with the ALJ's analysis, rather than legal error. The ALJ explicitly addressed Plaintiff's arguments about time off-task and unscheduled absences in his decision. [R. at 22-24.] The ALJ wrote, "Ms. Reckord further urged that I find [Plaintiff] disabled . . . due to an inability to meet basic needs of work due to . . . time off-task more than 15% of the day, or absences of more than two days per month." [R. at 23.] "[H]owever," the ALJ continued, "no source in the record endorsed these limitations." [Id.]

The ALJ then discussed in some detail the symptoms that Plaintiff alleged she was suffering, before determining that her "statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." [Id.] Specifically, the ALJ found that Plaintiff's statements were "inconsistent because the medical evidence supports overall improvement with psychiatric medication management and therapy." [Id.] The ALJ cited various specific examples from the record that contradicted Plaintiff's arguments and testimony. [R. at 23-24.]

The ALJ afforded the opinions of Drs. Winifred Ju and Alexander Golin "great weight." [R. at 24.] However, Plaintiff

argues that the ALJ did not adequately consider certain aspects of those opinions. Specifically, Plaintiff cites forms in which both doctors indicated that Plaintiff was "[m]oderately limited" in her "ability to maintain attention and concentration for extended periods" and that she was "[m]oderately limited" with respect to attendance and punctuality. [See Docket No. 13, at 13 (citing R. at 72, 111.] The ALJ, Plaintiff argues, should have given these sections more weight in determining her RFC.

This argument fails for two reasons. First of all, this portion of the doctors' opinions "is merely a worksheet" that "does not constitute the RFC assessment." Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 636 (3d Cir. 2010). The Third Circuit has held "that ALJs are not required to give any weight to these fill-in-the-blank and checklist portions of RFC assessments and that their focus instead should be on the narrative portions of the assessments where the medical experts expound their opinions." Wise v. Comm'r of Soc. Sec., 626 F. App'x 357, 360 (3d Cir. 2015). Therefore, assuming arguendo that the ALJ completely ignored these sections of the doctors' opinions, doing so was not in error.

Moreover, the ALJ adequately considered the "narrative portions" of the doctors' assessments, as Wise requires. In fact, the ALJ's RFC and the doctors' narrative portions were almost identical. Dr. Golin indicated that "there [was] no mention of any significant deficits in memory or concentration"; that Plaintiff's

"memory [was] fair"; and that Plaintiff was "able to understand and remember adequately to perform simple 1 to 2 step work-like instructions/procedures, maintain attention/persist for up to a two hour segment, adequately get along with others, and adequately adjust to changes in a routine work setting." [R. at 73 (cleaned up).] Dr. Ju agreed with Dr. Golin's analysis. [R. at 111.]

Contrary to Plaintiff's assertions, it is clear that the ALJ properly utilized the doctors' opinions in accordance with Third Circuit precedent, and that any argument that the ALJ failed to do so is belied by what is contained in the opinions themselves. Therefore, the ALJ's analysis satisfied the Third Circuit's requirement of "a fact-specific 'valid explanation' approach" to determining a claimant's RFC. Hess, 931 F.3d at 212 (quoting Ramirez v. Barnhart, 372 F.3d 546, 555 (3d. Cir. 2004)). Therefore, the Court will not remand this case on that basis.

**B.   Step five determination**

Next, Plaintiff argues that the ALJ "failed to meet his step [five] burden by failing to find [P]laintiff disabled when a vocational expert testified that an individual with [P]laintiff's limitations would not be able to retain employment." [Docket No. 13, at 17.] Specifically, Plaintiff argues that the ALJ ignored the VE's testimony that an individual who "could tolerate only occasional contact with a supervisor in the first 30 days of employment" would be unable to sustain employment. [Id. at 17

(citing R. at 61-62).] Plaintiff argues that the ALJ's finding that Plaintiff could "respond appropriately to superiors" only "occasionally" — which "means occurring from very little up to one-third of the time," see SSR 85-10, 1983 SSR LEXIS 30 — combined with the VE's testimony means that Plaintiff is disabled. [See Docket No. 13, at 19.] However, Plaintiff contends, the ALJ "completely overlooked or ignored" that aspect of the VE's testimony and provided no reason for doing so.

This Court agrees that the ALJ's decision does not mention that aspect of the VE's testimony at all. Moreover, given the nature of the VE's testimony, the ALJ's potential oversight cannot be said to have been harmless. While it may be that the ALJ had a legitimate reason for discounting this aspect of the VE's testimony, this Court is in no position to speculate about that, as the ALJ's decision itself provided no guidance on the issue. [See R. at 25.]

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. 13-0366 (NLH), 2014 U.S. Dist. LEXIS 41910, at *5 (D.N.J. Mar. 28, 2014) (citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)). The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning. It may well be the case that the

12

ALJ will arrive at the same decision. At this juncture, however, the ALJ must provide additional explanation for the decision. Therefore, the Court will remand on that issue.

**V.    CONCLUSION**

      **ACCORDINGLY**, it is on this  **22nd**  day of  **July**  2021,

      **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

      **ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE.**

                    s/Renée Marie Bumb
                    RENÉE MARIE BUMB
                    United States District Judge